IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-00675-PAB

MICHAEL A. BOETGER,

      Applicant,

v.

ACTING WARDEN BURNELL, Buena Vista Correctional Facility, and
JOHN SUTHERS, the Attorney General of the State of Colorado,

      Respondents.

## ORDER TO DISMISS IN PART AND FOR ANSWER

      Applicant, Michael Boetger, is in the custody of the Colorado Department of Corrections ("CDOC") at the Correctional Complex in Buena Vista, Colorado. He has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket No. 1] challenging the validity of his conviction and sentence imposed in the District Court of Teller County, Colorado. Mr. Boetger has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

      On March 21, 2014, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a Pre-Answer Response [Docket No. 10] on April 11, 2014. Applicant filed a Reply [Docket No. 19] on September 22, 2014, after obtaining an extension of time.

The Court construes Mr. Boetger's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Application, in part.

## I. BACKGROUND AND STATE COURT PROCEEDINGS

In *People v. Boetger*, 12CA688 (Colo. App. Dec. 26, 2013) (unpublished) (*Boetger II)*, the Colorado Court of Appeals summarized the procedural history of Teller County District Court Case No. 06CR185 as follows:

> After his first trial resulted in a hung jury, defendant pleaded guilty to sexual assault on a child by one in a position of trust.
>
> Before he was sentenced, defendant filed two letters requesting that the court allow him to withdraw his guilty plea. The court treated the letters as a Crim. P. 32(d) motion and appointed conflict-free counsel to represent him.
>
> Thereafter, defendant filed a supplemental Crim. P. 32(d) motion, arguing that his plea was not made knowingly and voluntarily because (1) plea counsel told him he would not endorse an expert witness or obtain the transcript from the first trial as he could not afford them; (2) plea counsel assured him that he would be released from prison in six to eight years if he completed sex offender classes; and (3) he was not advised that he could be reincarcerated for life if his parole was revoked.
>
> After holding an evidentiary hearing, the court denied the Crim. P. 32(d) motion, finding that defendant did not establish that there was a fair and just reason to withdraw the guilty plea.
>
> The court then sentenced defendant to eight years to life in the custody of the Department of Corrections (DOC).
>
> On direct appeal, a division of this court upheld the district court's order denying defendant's Crim. P. 32(d) motion. *See People v. Boetger*,

(Colo. App. No. 08CA2011, Aug. 26, 2010) (not published pursuant to C.A.R. 35(f)) (*Boetger I*).

In February 2012, defendant filed a pro se Crim. P. 35(c) motion, seeking to set aside his guilty plea. He argued that his plea was not made knowingly and voluntarily because:

- defense counsel were ineffective when they violated various rules of professional conduct and failed to:

    - prepare for his second trial by: obtaining a transcript of the first trial, endorsing exculpatory witnesses, and obtaining exculpatory evidence; and
    - advise him that very few sex offenders who had been sentenced to an indeterminate sentence had been paroled;

- the district court failed to advise him that:

    - he likely would not be paroled after he served the minimum term of his sentence;
    - he was giving up his Fifth Amendment right against self-incrimination for the rest of his life;
    - he could not have contact with any family member or friend under the age of 18;
    - he would have to register as a sex offender; and
    - the DOC did not have the funding to provide treatment for all sex offenders;

- when he entered the plea, he reasonably believed that the minimum term of the sentence had a "very real meaning and would be a real force in his release from prison," but he has since learned that it is "worthless and devoid of any effective significance or influence"; and

- the prosecutor enticed him into taking the plea by reducing the offer of the minimum term of the sentence from twelve to eight years while knowing it was meaningless because the DOC had not been releasing sex offenders on parole.

Defendant also argued that (1) the district court abused its discretion when it denied his Crim. P. 32(d) motion; (2) Crim. P. 32(d) counsel was ineffective when she failed to: (a) argue that he agreed to the

3

> plea because defense counsel were not prepared for trial; and (b) advise him to plead the words "legal innocence"; (3) one of his defense counsel committed perjury during the Crim. P. 32(d) hearing when he testified that he hired a representative to attend each day of his first trial and report to him when there was no such representative; and (4) there was cumulative error based on (a) defense counsel's failure to prepare for trial, (b) Crim. P. 32(d) counsel's ineffectiveness, (c) his belief that he would only serve six to eight years, and (d) defense counsel's perjury during the Crim. P. 32(d) hearing.
>
> The district court denied the Crim. P. 35(c) motion, finding that the issues in the motion had been "previously raised and litigated" and had been "considered and rejected" in the district court and in *Boetger I*.

Docket No. 10-8 at 2-5.

The Colorado Court of Appeals affirmed the district court's order denying post-conviction relief, determining that all of Applicant's claims, except for his ineffective assistance of Crim. P. 32(d) counsel claim, were procedurally barred, and that the ineffective assistance claim failed as a matter of law because applicant "failed to sufficiently allege that there was prejudice." *Id.* at 7-11. Applicant thereafter filed a petition for certiorari review in the Colorado Supreme Court, which was denied on November 3, 2014. Docket No. 22-1.

On March 4, 2014, Mr. Boetger filed his federal application under 28 U.S.C. § 2254 asserting 12 claims for relief. Docket No. 1.

In the Pre-Answer Response, Respondents concede that the Application is timely. Docket No. 10 at 6-8. Respondents argue, however, that claims 2, 5, 9, 10, and 11 are not cognizable on federal habeas review. *Id.* at 14, 29-30. Respondents maintain that the remaining federal claims are procedurally barred. *Id.* at 12, 15-29, 30-32.

## II.  CLAIMS NOT COGNIZABLE UNDER 28 U.S.C. § 2254

Applicant asserts in claims 2, 5, 9, 10, and 11 that:

- "The courts abused their discretion in not allowing the defendant to withdraw his plea" (claim 2), Docket No. 1 at 10;

- "The courts are refusing to consider the defendant's claim of ineffective assistance saying it was already litigated. They deny evidence and argument which arises from this judgment" (claim 5), *id.* at 13.

- "The courts considering the defendant's postconviction claims have ignored issues expounded in claims 6-8" (claim 9), *id.* at 15.

- "The defendant's interpretation of the plea is reasonable and therefore credence and practical consequence must be given to it, it must be accepted." (Claim 10), Docket No. 10-11 at 1.

- "Courts denied defendant the right to evidence favorable to his claim of ineffective assistance of counsel, as well as possible other uses in defense." (Claim 11), *id*.

Federal habeas review is limited to claims that a state prisoner's custody violates the United States Constitution or other federal law.  28 U.S.C. § 2254(a).  The statute does not provide a remedy for errors of state law.  *See Swarthout v. Cooke*, 131 S.Ct. 859, 861 (2011) (per curiam); *see also Estelle v. Mcguire*, 502 U.S. 62, 67 (1991) (habeas corpus does not lie to correct errors of state law).  Furthermore, alleged errors in the State's post-conviction remedy are not grounds for § 2254 review.  *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) (recognizing that the Constitution does not require the states to grant post-conviction review).

The Court finds that the issues raised in claims 2, 5, 9, 10, and 11 present state law issues that do not invoke the federal habeas jurisdiction of this Court.  Alternatively,

to the extent the allegations in claims 2 and 11 form part of Applicant's involuntary plea claim, the allegations will be construed in conjunction with claim 1 and not as separate claims for relief. Claims 2, 5, 9, 10, and 11 will be dismissed.

### III. EXHAUSTION AND PROCEDURAL DEFAULT

Respondents next argue that Mr. Boetger's federal claims are procedurally barred. Docket No. 10 at 12.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 843 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S.

4, 6 (1982) (per curiam).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . ."  *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (applying anticipatory procedural bar).  A claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is precluded from federal habeas review, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007).

A petitioner's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

### A.  Claim 1

In claim 1, Mr. Boetger asserts that his "plea was involuntary and unknowing due to his attorney's false representations and assurances."  According to Applicant, his "attorney misrepresented the consequences of the plea, he himself was ignorant of

consequences, and [counsel] assured [Applicant] that upon completion of a few 'classes' he would be released in 6-8 years." Docket No. 1 at 10.

Respondents concede that Mr. Boetger presented this claim as a federal constitutional issue to the Colorado Court of Appeals in the Rule 32(d) proceeding. Docket No. 10 at 13; see also Docket No. 10-2 at 35, 45. Respondents argue, however, that because Applicant failed to raise the issue as a federal claim in his petition for certiorari review to the Colorado Supreme Court, the claim is not exhausted. Docket No. 10 at 13.

A federal habeas claim must first be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id*. at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

> The Colorado Appellate Rules provide that:
> 
> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1.

Four courts of appeal have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy § 2254(b)'s exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999). Absent Tenth Circuit authority specifically holding otherwise, the Court agrees with the reasoning of the other circuit courts and finds that, pursuant to Colo. App. R. 51.1, review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals. *See, e.g., Valenzuela v. Medina*, No. 10-cv-02681-BNB, 2011 WL 805787 (D. Colo. Feb. 28, 2011).

Because the Colorado Court of Appeals addressed the merits of claim 1 in *Boetger I*, *see* Docket No. 10-3 at 5-6, the Court rejects Respondents' exhaustion defense and finds that the claim was exhausted properly in the state courts.

### B. Claims 3, 6, 7 and 8

In claims 3, 6, 7, and 8, Mr. Boetger asserts that:

- he was forced to plead guilty because his trial counsel was not prepared for trial (Claim 3);

- the "court did not advise of important direct consequence of plea hearing" – specifically, of the unlikelihood that he would ever be paroled; and, that "[t]he court did not advise the defendant that he would be required to give up his rights against self-incrimination and all other due process rights for life" (Claim 6);

- "The prosecutor's conduct and practice in the plea bargaining process was unethical, unfair, and deceitful thus making it and the plea unconstitutional" (Claim 7); and,

- "The court not only accepted the aforementioned plea (claim #7) but aided the prosecutor in the deception" (Claim 8).

Docket No. 1 at 10-15.

Applicant raised the claims in his state post-conviction proceeding. However, the Colorado Court of Appeals rejected them as successive because Applicant raised, or could have raised, the issues in the Rule 32(d) proceeding. *Boetger II*, Docket No. 10-8 at 7-9 (citing Colo. Crim. P. Rule 35(c)(3)(VI) and (VII) (stating that claims that were or could have been raised on direct appeal or in an earlier post-conviction proceeding are barred as successive)).

Any claims that were raised and addressed in the Rule 32(d) proceeding are exhausted and are not subject to the federal procedural default rule. *See Cone v. Bell*, 556 U.S. 449, 467 (2009) ("A claim is procedurally barred when it has not been fairly presented to the state courts for their initial consideration – not when the claim has been presented more than once."). However, claims that were not raised, but should have been raised, in the Rule 32(d) proceeding are procedurally defaulted, absent a showing of cause and prejudice or actual innocence. *See* Colo. Crim. P. Rule 35(c)(3)(VII); *Welch v. Milyard*, No. 11-1214, 436 F. App'x 861, 865-66 (10th Cir. Aug. 18, 2011) (unpublished) (concluding that claim barred from state court review under Colo. Crim. P. Rule 35(c)(3)(VII) was procedurally defaulted on federal habeas review).

### 1. Claim 3

Respondents contend that claim 3 was not properly presented to the state courts in the Rule 32 proceeding because Applicant did not invoke *Strickland v. Washington*,

466 U.S. 668 (1984), in asserting that counsel's substandard performance forced him to plead guilty. Docket No. 10 at 19.

In *Boetger I,* the Colorado Court of Appeals determined:

> The record also supports the trial court's determination that defendant did not prove that his attorneys had performed ineffectively. Although the court expressed concern about whether plea counsel had thoroughly prepared for trial, defendant did not argue that he agreed to the plea bargain and entered his plea because he thought his counsel was not prepared for trial. Instead, he argued that his counsel gave him erroneous advice about the likely term of incarceration. Moreover, the court's ultimate conclusion that defendant had not demonstrated ineffective assistance of counsel is supported by the transcript of the providency hearing which reflects that defendant twice expressed satisfaction with the performance of his attorneys. These unqualified assurances were a proper basis for the court to reject defendant's subsequent claim that he was coerced to plead guilty because his counsel was unprepared for trial.

Docket No. 10-3 at 5-6 (state case law citations omitted).

Because the state appellate court addressed the merits of the allegations raised in claim 3, the Court rejects Respondents' exhaustion defense and finds that the claim was exhausted properly in the state courts.

### 2. Claim 6

For claim 6, Respondents concede that Applicant raised an allegation of trial court error to the state appellate court – based on a failure to adequately inform Applicant of the consequences of his plea – but argue that he failed to present any of the other issues asserted as part of claim 6. Docket No. 10 at 24-25.

In his Opening Brief in support of his appeal in the Rule 32 proceeding, Applicant challenged the trial court's failure to adequately inform him "that, pursuant to the plea agreement, he was agreeing to a life sentence of incarceration with only the possibility

of parole but no guarantee of release" and "to adequately explain the meaning and nature of an 'indeterminate sentence,'" as well as the court's alleged incorrect advice "that the Department of Corrections sets the upper length of the sentence." Docket No. 10-2 at 42-43. The Court finds that these allegations are exhausted for purposes of resolving Mr. Boetger's federal habeas application.

The Court further finds, however, that Applicant failed to fairly present, in the Rule 32(d) proceeding, his allegations that the trial court failed to advise him that he would "be required to give up his rights against self-incrimination and all other due process rights for life." Docket No. 1 at 5. Although he raised the allegations in his state post-conviction proceeding, the Colorado Court of Appeals rejected them on the ground that they should have been raised in the Rule 32(d) proceeding. As such, these allegations were procedurally defaulted in the state courts pursuant to an adequate and independent state rule. *See* Colo. Crim. P. Rule 35(c)(3)(VII); *Welch*, 436 F. App'x at 865-66; *see also Burton v. Zavaras*, No. 09-1094, 340 F. App'x 454-55 (10th Cir. Aug. 4, 2009) (unpublished) (concluding that federal habeas claim was procedurally defaulted in the state courts pursuant to Colo. Crim. P. Rule 35(c)(3)(VII)). Applicant therefore must meet the cause and prejudice standard or fundamental miscarriage of justice exception to excuse his procedural default. *See Coleman*, 501 U.S. at 750.

Mr. Boetger alleges in the Reply brief that his procedural default was caused by the ineffective assistance of appellate counsel in the Rule 32(d) proceeding. Docket No. 19 at 8-13.

Appellate counsel's failure to raise a meritorious issue on direct appeal may constitute cause to excuse a procedural default. *See Edwards v. Carpenter,* 529 U.S.

446, 451 (2000); *Hammon v. Ward*, 466 F.3d 919, 925 (10th Cir. 2006). However, the claim that appellate counsel was constitutionally ineffective must itself be exhausted properly in the state courts. *Edwards*, 529 U.S. at 453. As discussed in claim 4, Applicant procedurally defaulted his ineffective assistance-of-appellate-counsel claim in the state courts. *See* Section III.C., *infra*. He thus cannot rely on the ineffective assistance of appellate counsel to excuse his procedural default of the unexhausted allegations in claim 6. *See id.*; *see also Livingston v. Kansas*, No. 10-3076, 407 F. App'x 267, 273 (10th Cir. Nov. 2, 2010) (unpublished). Moreover, Mr. Boetger makes no showing of actual innocence.

Accordingly, Applicant's allegations in claim 6 that the trial court failed to advise him that he would "be required to give up his rights against self-incrimination and all other due process rights for life" will be dismissed as procedurally barred.

### 3. Claim 7

In claim 7, Mr. Boetger asserts "[t]he prosecutor's conduct and practice in the plea bargaining process was unethical, unfair, and deceitful thus making it and the plea unconstitutional." Docket No. 1 at 14. He further alleges that "[t]he prosecutor knowingly misled and deceived the defendant, unduly influencing him into the acceptance of misrepresented plea." *Id.* at 14-15.

Applicant did not allege prosecutorial misconduct in the Rule 32(d) proceeding. *See* Docket No. 10-2. Instead, he first attacked the prosecutor's conduct in the post-conviction proceeding. Docket No. 10-7 at 23-41. However, the Colorado Court of Appeals in *Boetger II* refused to consider the merits because the claim could have been

raised in the Crim. P. 32(d) proceeding. Docket No. 10-8 at 8-9. The Court therefore finds that the allegations in claim 7 were procedurally defaulted in the state courts pursuant to an adequate and independent state rule. See Colo. Crim. P. Rule 35(c)(3)(VII); *Welch*, 436 F. App'x at 865-66; *Burton*, 340 F. App'x at 455. Applicant therefore must meet the cause and prejudice standard or fundamental miscarriage of justice exception to excuse his procedural default. See *Coleman*, 501 U.S. at 750.

Again, the alleged ineffective assistance of appellate counsel in the Rule 32(d) proceeding cannot excuse Applicant's procedural default of claim 7 because Applicant also procedurally defaulted the ineffective assistance-of-appellate-counsel claim (claim 4) in the state courts. See Section III.C., *infra*. Mr. Boetger does not allege any other external cause for his procedural default or make a colorable showing of actual innocence.

Claim 7 will be dismissed as procedurally barred.

### 4. Claim 8

For claim 8, Applicant asserts that "[t]he court not only accepted the aforementioned plea (claim #7) but aided the prosecution in the deception." Docket No. 1 at 15.

Upon careful review of the Application and the arguments raised by Applicant in his state appellate filings, the Court finds that this claim is substantially duplicative of the allegations in claim 6. Accordingly, the claim is exhausted to the extent Applicant raises the same allegations that the Court determined were exhausted in conjunction with claim 6. Any additional allegations are not exhausted and are procedurally

defaulted pursuant to Colo. Crim. P. 35(c)(3)(VII) or are subject to an anticipatory procedural bar because any attempt to fairly present the claim in state court as a federal question would be subject to dismissal as time barred, under Colo. Rev. Stat. § 16-5-402 (2014) (imposing a three-year limitation period for post conviction claims challenging non-class 1 felonies), successive under Colo. Crim. P. Rule 35(c)(3)(VII), or an abuse of process, *see People v. Rodriguez*, 914 P.2d 230. 254-55 (Colo. 1996) (issues available for review on direct appeal that address the same issue on some recently contrived constitutional theory and are not well-founded constitute an abuse of process).

Because Mr. Boetger has failed to satisfy the cause and prejudice standard, or the fundamental miscarriage of justice exception, the allegations in claim 8 that are not duplicative of claim 6 will be dismissed as procedurally barred.

### C.  Claim 4

In claim 4, Applicant asserts that his Crim. P. 32(d) counsel rendered ineffective assistance, as did appellate counsel.  Specifically, Mr. Boetger asserts that "[t]hey never argued adequately defendant's innocence. They either did not litigate ineffective assistance of counsel at all or knowingly."  Docket No. 1 at 12.

In his state post-conviction proceeding, Applicant contended that Crim. P. 32(d) counsel "failed to advise [him] to voice his innocence as a reason for withdrawing his plea during the 32(d) hearing.  Docket No. 10-6 at 63.  He further maintained that Crim. P.32(d) counsel "and appellate counsel would not argue [trial counsel's lack of trial preparation] as the primary reason for his accepting the plea in the first place, despite his urging." *Id.* at 30-31.

Respondents concede that the allegations concerning Rule 32(d) counsel were fairly presented to the Colorado Court of Appeals. As such, the Court finds that claim 4 is exhausted with respect to the alleged ineffective assistance of Rule 32(d) counsel (in the state district court).

With regard to the allegations in claim 4 concerning the effectiveness of appellate counsel in the Rule 32(d) proceeding, Respondents argue that Applicant has procedurally defaulted that claim in the state courts. Docket No. 10 at 28.

The Colorado Court of Appeals refused to consider the claim in *Boetger II* because it was raised for the first time in Applicant's appeal and was not presented to the trial court in the state post-conviction motion. Docket No. 10-8 at 6. *See People v. Osorio,* 170 P.3d 796, 801 (Colo. App. 2007) ("Because defendant did not raise this particular issue in his Crim. P. 35(c) motion, we decline to consider it."); *People v. Zuniga,* 80 P.3d 965, 971 (Colo. App. 2003) (same); *People v. Goldman,* 923 P. 2d 374, 375 (Colo. App. 1996) (same); *People v. Hampton,* 857 P.2d 441, 445-46 (Colo. App. 1992) (same).

The Court agrees that Mr. Boetger has procedurally defaulted the issue of appellate counsel's effectiveness in the Rule 32(d) proceeding. Further, Applicant has failed to meet the cause and prejudice standard or fundamental miscarriage of justice

exception to excuse the procedural bar.[1]  As such, the ineffective assistance of appellate counsel allegations in claim 4 will be dismissed.

### D.  Claim 12

Claim twelve asserts "[t]he cumulative effect of all the combined errors at minimum warrants relief."  Docket No. 1 at 16.  In his state post-conviction proceeding, Applicant asserted "[t]hat when there are many errors that, in and of themselves, to not warrant relief, the cumulative impact of such errors can result in denial and violation of constitutional rights."  Docket No. 10-7 at 53.  Applicant then summarized in an outline all the claims previously raised in his opening brief.  *Id.* at 54-58.

Claim 12 is exhausted only to the extent that the constituent claims are not procedurally defaulted.  *See Hughes v. Dretke*, 412 F.3d 582, 597 (5th Cir. 2005) ("Meritless claims or claims that are not prejudicial [or claims that are procedurally barred] cannot be cumulated." (quoting *Westley v. Johnson*, 83 F.3d 714, 726 (5th Cir. 1996)); *Ray v. Simmons*, No. 04-3290, 125 F. App'x 943, 947 (10th Cir. Feb. 7, 2005) (unpublished).

The following claims are not procedurally defaulted and present federal constitutional issues: Claim 1; Claim 3; part of Claim 6 (asserting that the trial court failed to adequately inform Applicant that he was agreeing to a life sentence and

---

[1]The Court notes that to the extent the Application can be interpreted to assert a claim that counsel in the Rule 32(d) proceeding was ineffective for failing to raise the issue of plea counsel's alleged perjury during the Crim. P. 32(d) hearing, the claim is also procedurally barred.  The Colorado Court of Appeals refused to consider the issue in *Boetger II* because it was raised for the first time on appeal in the state post-conviction proceeding.  Docket No. 10-8 at 6.  Mr. Boetger has not met the cause and prejudice standard or the fundamental miscarriage of justice exception to excuse his procedural default.

explain the meaning and nature of an indeterminate sentence; and, the trial court incorrectly advised Applicant that the CDOC set the upper length of the sentence; and part of Claim 4 (asserting that Rule 32(d) counsel failed to advise applicant to assert innocence as a reason for withdrawing his plea, and to assert trial counsel's lack of trial preparation as the primary reason for accepting the plea).  Accordingly, the Court finds that Applicant has exhausted a claim of cumulative error with respect to the above claims and allegations.

## IV. CONCLUSION

For the reasons discussed above, it is

**ORDERED** that claims 2, 5, 9, 10, and 11 of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket No. 1] filed pro se by Michael A. Boetger on March 4, 2014 are dismissed without prejudice because the claims fail to raise federal issues cognizable under 28 U.S.C. § 2254.  Alternatively, to the extent the allegations in claims 2 and 11 form part of the basis for claim 1, the allegations will be construed in conjunction with claim 1 and not as separate claims for relief.  It is further

**ORDERED** that part of claim 6 (allegations that the trial court failed to advise Applicant that he would "be required to give up his rights against self-incrimination and all other due process rights for life"), claim 7, claim 8 (to the extent the allegations do not duplicate claim 6), part of claim 4 (ineffective assistance of appellate counsel in the Rule 32(d) proceeding), and part of claim 12 (allegations of cumulative error that are based on the procedurally defaulted allegations in part of claim 6, claim 7, claim 8 and part of claim 4) are dismissed with prejudice as procedurally defaulted.  It is further

**ORDERED** that Respondents shall file an Answer to claims 1, 3, part of claim 6 (allegations that, pursuant to the plea agreement, Applicant was agreeing to a life sentence of incarceration with only the possibility of parole but no guarantee of release and "to adequately explain the meaning and nature of an 'indeterminate sentence,'" as well as the court's alleged incorrect advice "that the Department of Corrections sets the upper length of the sentence"), part of claim 4 (allegations that Rule 32(d) counsel was ineffective), and part of claim 12 (cumulative error concerning the exhausted allegations of claims 1, 3, 4, and 6) **within thirty days** of this Order. It is further

**ORDERED** that Applicant may file a Reply **within thirty days** after Respondents file an Answer.

DATED February 26, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge